JAMES A. MOSHER, RESPONDENT, *v.* MATTHEW P. CAMPBELL, APPELLANT.

*County Court — has jurisdiction over actions to compel the satisfaction of a mortgage.*

Where a person has entered into a written agreement to pay and discharge a mortgage and has thereafter taken an assignment thereof to himself instead of causing the same to be satisfied, an action may be brought against him in a County Court to compel him to satisfy and discharge the mortgage, and to pay to the plaintiff the damages occasioned by his failure so to do.

*Avery* v. *Willis* (24 Hun, 548) distinguished.

APPEAL from a judgment in favor of the plaintiff, entered upon the decision of the County Court of Cayuga county.

*J. Rosecranes*, for the appellant.

*Jacob B. Decker*, for the respondent.

HAIGHT, J.:

This action was brought in the County Court to compel the defendant to satisfy and discharge a mortgage, and for damages which the plaintiff had sustained by reason of the defendant not having discharged it in accordance with his agreement.

This action is founded upon a written agreement of the defendant to pay and discharge the mortgage in question. Instead of so doing he purchased and had the mortgage assigned to himself. The only question raised and discussed upon the appeal is the jurisdiction of the County Court. Section 15, article 6 of the Constitution, provides: " The County Court shall have the powers and jurisdiction they now possess until altered by the legislature. They shall also have original jurisdiction in all cases where the defendants reside in the county, and in which the damages claimed shall not exceed one thousand dollars," etc. * * * " They shall also have such other original jurisdiction as shall from time to time be conferred upon them by the legislature." Section 340 of the Code provides that the jurisdiction of each County Court " extends * * * to an action for the partition of real property, for dower, for the foreclosure, redemption or satisfaction of a mortgage upon real property."

It is contended on the part of the appellant that this clause of the

Code does not give jurisdiction to satisfy a mortgage upon princi-
ples of equity; that in the case under consideration it depends upon
the right of the court to compel specific performance of a contract,
and the case of *Avery* v. *Willis* (reported in 24 Hun, 548) is relied
upon to sustain his claim. That action was brought to reform a
mortgage, to make it a lien upon certain real estate and for its fore-
closure. The court held that the County Court did not have
jurisdiction to entertain an action for the reformation of a mort-
gage; that such jurisdiction was not given by the statute. That
case we regard as clearly distinguishable from the one under con-
sideration. The statute referred to does not give the County Court
jurisdiction to reform a mortgage, but does give the court jurisdic-
tion to satisfy a mortgage, and such jurisdiction is not limited to
cases of payments.

Our conclusion is that the County Court had jurisdiction to decree
that the mortgage should be discharged in accordance with the
written agreement of the defendant.

Judgment should be affirmed, with costs.

SMITH, P. J., and HARDIN, J., concurred.

So ordered.